UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

                    v.        :      No. 4:26-CR-00162

                              :      ( Chief Judge Brann        )

OKEOGHENE PATRICK UDUGBA,     :
                    Defendant. :     Filed Electronically

## INDICTMENT

**FILED
SCRANTON**

THE GRAND JURY CHARGES:

JUL 2 1 2026

PER_____ JKC _____
DEPUTY CLERK

## COUNT 1
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud and Mail Fraud)

### INTRODUCTION

At times material to this Indictment:

1.     The Wildlife for Everyone Endowment Foundation ("WFEEF") was a nonprofit entity in State College, Pennsylvania organized to promote wildlife conservation, restoration, and education in the Commonwealth of Pennsylvania.

2.     In 2022, the United States Fish and Wildlife Service ("FWS") awarded WFEEF two federal grants to fund projects by the Pennsylvania Department of Transportation ("PennDOT") and separate

FWS habitat and stream conservation and restoration projects within the Commonwealth of Pennsylvania.

3. Pursuant to a cooperative agreement, WFEEF administered the federal grants on behalf of PennDOT and FWS. Upon completion of a grant-eligible project, invoices for labor and material costs were provided to WFEEF by PennDOT and FWS project managers. WFEEF would then submit the invoices electronically through the Automated Standard Application for Payments ("ASAP") system.

4. ASAP is the shared services payment system used by federal agencies and the United States Department of the Treasury to release grant funds for the payment of eligible costs and expenses. When a request for payment is received through ASAP, the ASAP system facilitates an electronic transfer of grant funds to the grant administrator's designated financial institution account.

5. Once WFEEF received an electronic transfer of grant funds through ASAP, it issued a check from its designated account at First National Bank payable to the contractor or consultant identified in the corresponding invoice. The check was then sent by U.S. Mail from

State College, Pennsylvania to the address of the contractor or consultant.

## STATUTORY ALLEGATION

6. The factual allegations set forth in paragraphs 1 through 5 are incorporated herein.

7. Beginning in or about February of 2024 and continuing until in or about May of 2024, in the Middle District of Pennsylvania and elsewhere, the defendant,

## OKEOGHENE PATRICK UDUGBA,

did knowingly, willfully, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit Wire Fraud and Mail Fraud, that is, to knowingly and with intent to defraud, devise and intend to devise, a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

8. For the purpose of executing such scheme and artifice to defraud and to obtain money, the defendant, with other persons known and unknown to the Grand Jury, knowingly caused or intended to cause the transmission of certain signs, signals, writings, pictures, and sounds,

3

being emails falsely representing the sender to be an employee of FWS, by means of wire communications in interstate commerce, in violation of Title 18, United States Code, Section 1343.

9. For the purpose of executing such scheme and artifice to defraud and to obtain money, the defendant, with other persons known and unknown to the Grand Jury, knowingly caused envelopes containing fraudulently obtained checks to be sent by U.S. Mail, in violation of Title 18, United States Code, Section 1341.

## MANNER AND MEANS

It was part of the conspiracy that:

10. Members of the conspiracy used social media applications, dating websites, text messages, and telephone calls to establish purported romantic relationships with persons in Pennsylvania, New York, and Louisiana.

11. Members of the conspiracy established and maintained such relationships in order to groom and ultimately use the persons in Pennsylvania, New York, and Louisiana as "money mules" who would receive checks on behalf of members of the conspiracy.

4

12. For example, members of the conspiracy used the Plenty of Fish dating service under the alias "James Cowan" to establish a purported romantic relationship with J.B., a Pennsylvania resident.

13. The defendant, with other persons known and unknown to the Grand Jury, communicated with J.B. by text message and telephone calls in order to groom and prepare J.B. to receive fraudulent payments on behalf of "James Cowan."

14. Members of the conspiracy sent emails to WFEEF from "spoofed" email addresses, falsely representing that the sender was an employee of FWS.

15. The fraudulent emails directed WFEEF to issue payments from FWS grant funds to persons named as contractors or consultants in fabricated invoices which were attached to the emails.

16. The fabricated invoices falsely represented that the money mules were contractors or consultants for FWS who had performed work in connection with grant-eligible conservation and restoration projects.

17. For example, on or about March 12, 2024, members of the conspiracy sent a spoofed email from Ogun, Nigeria to WFEEF in State

College, Pennsylvania, falsely representing that the sender was an employee of FWS.

18. The fraudulent email directed WFEEF to use FWS grant funds to pay an attached fabricated invoice, which falsely represented that J.B. was a contractor or consultant for FWS who had rendered services totaling $30,900 in connection with a grant-eligible project.

19. Based upon the fraudulent emails and fabricated invoices, WFEEF submitted multiple requests for payment through the ASAP system, which in turn facilitated electronic transfers of FWS grant funds to WFEEF's designated account at First National Bank.

20. Upon receipt of FWS grant funds through the ASAP system, WFEEF issued checks drawn on its designated account at First National Bank payable to the money mules who were falsely represented to be FWS contractors or consultants.

21. WFEEF then mailed the checks, totaling $324,612, by U.S. Mail from State College, Pennsylvania to the addresses of the money mules in Douglasville, Pennsylvania, Smithtown, New York, and Avondale, Louisiana.

All in violation of Title 18, United States Code, Section 1349.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. 1341
(Mail Fraud)

22.    The factual allegations set forth in paragraphs 1 through 21 are incorporated herein.

23.    Beginning in or about February of 2024 and continuing until in or about May of 2024, the defendant,

### OKEOGHENE PATRICK UDUGBA,

with the intent to defraud, willfully participated in a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises.

24.    On or about March 12, 2024, for the purpose of executing or attempting to execute the scheme and artifice to defraud, the defendant knowingly caused an envelope containing a fraudulently obtained check from WFEEF in the amount of $30,900 to be deposited to be sent by U.S. Mail from State College, Pennsylvania to an address in Douglasville, Pennsylvania.

All in violation of Title 18, United States Code, Section 1341.

7

## COUNT 3
## 18 U.S.C. § 1956
### (Money Laundering Conspiracy)

25. The factual allegations set forth in paragraphs 1 through 23 are incorporated herein.

26. Beginning in or about February of 2024 and continuing until in or about May of 2024, in the Middle District of Pennsylvania and elsewhere, the defendant,

### OKEOGHENE PATRICK UDUGBA,

did knowingly, willfully, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, to wit, Wire Fraud and Mail Fraud, in violation of Title 18, United States Code, Sections 1343 and 1341, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the

8

proceeds of a form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

It was part of the conspiracy that:

27.    Members of the conspiracy instructed money mules to deposit fraudulently obtained checks from WFEEF into the money mules' respective personal bank accounts at OnPath Federal Credit Union, Citizen's Bank, NA, and Chase Bank.

28.    Members of the conspiracy instructed the money mules to convert the proceeds of the fraudulently obtained checks from WFEEF into cashier's checks, cryptocurrency, and gift cards.

29.    For example, the defendant, with other persons known and unknown to the Grand Jury, instructed J.B. to deposit a fraudulently obtained check from WFEEF in the amount of $30,900 into J.B.'s personal account at Citizen's Bank, NA.

30.    Members of the conspiracy instructed the money mules to transfer the converted proceeds of the WFEEF checks to members of the conspiracy through the U.S. Mail, cryptocurrency exchange platforms, and additional wire transactions.

9

31.    For example, the defendant, with other persons known and unknown to the Grand Jury, instructed J.B. to obtain a cashier's check in the amount of $29,400 payable to "Slick Solutions, LLC," the purported attorney of "James Cowan," and to mail the cashier's check to the defendant's address in Hamburg, Iowa.

All in violation of Title 18, United States Code, Section 1956(h).

THE GRAND JURY FURTHER CHARGES:

<u>COUNTS 4-6</u>
18 U.S.C. § 1957
(Unlawful Monetary Transactions)

32.    The factual allegations set forth in paragraphs 1 through 31 are incorporated herein.

33.    On or about March 29, 2024, in the Middle District of Pennsylvania and elsewhere, the defendant,

**OKEOGHENE PATRICK UDUGBA,**

did knowingly engage in monetary transactions through a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, by the electronic transfer of funds, such property having been derived from specified unlawful activity, to wit, Wire Fraud and Mail Fraud, in violation of Title 18, United States Code, Sections 1343 and 1341.

34.    With each monetary transaction being a separate count, the defendant engaged in the electronic transfer of funds as follows:

11

| Count | Date | Financial Institution | Originating Account | Destination Account | Amount |
|---|---|---|---|---|---|
| 4 | 03/29/24 | Wells Fargo Bank | Business Checking | Business Savings | $23,520 |
| 5 | 03/29/24 | Wells Fargo Bank | Business Savings | Personal Checking | $20,000 |
| 6 | 04/01/24 | Wells Fargo Bank | Personal Checking | Business Checking | $11,500 |

All in violation of Title 18, United States Code, Section 1957.

THE GRAND JURY FURTHER ALLEGES:

## FORFEITURE ALLEGATION

1.      The allegations contained in Counts 1-6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981 and 982.

2.      Pursuant to Title 18, United States Code, Sections 981 and 982, upon conviction of an offense in violation of Title 18, United States Code, Sections 1341, 1349, 1956, or 1957 the defendant,

### OKEOGHENE PATRICK UDUGBA,

shall forfeit to the United States of America any property constituting, or derived from, proceeds the persons obtained directly or indirectly, as the result of such violation.

3.      By virtue of the commission of the offenses charged in Counts 1-6 of this Indictment, by the defendant,

### OKEOGHENE PATRICK UDUGBA,

any and all right, title, and interest the defendant may have had in any of the property involved in or traceable to the offenses alleged in Counts 1-6 of this Indictment is vested in the United States and is hereby

13

forfeited to the United States pursuant to Title 18, United States Code, Sections 981 and 982.

4. If any of the property involved in or traceable to the offenses alleged in Counts 1-6 of this Indictment, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

14

All pursuant to Title 18, United States Code, Sections 981 and 982.

A TRUE BILL

███████████████

FOREPERSON

BRIAN D. MILLER
United States Attorney

*Sarah Lloyd*

SARAH R. LLOYD
Assistant United States Attorney

July 21, 2026

Date

15